## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

WESTERN SECTION
CIVIL ACTION
NO.

05 - 30066 - KPN

|  |  |
|---|---|
| *MATTHEW J. NATLE* | ) |
| **Plaintiff** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| *DENNIS O'CONNOR*, **Individually and** | ) |
| **in his Official Capacity as a Police** | ) |
| **Officer for the City of Springfield** | ) |
| **Police Department,** | ) |
|  | ) |
| *STEVEN BARKER*, **Individually and in** | ) |
| **his Official Capacity as a Police Officer** | ) |
| **for the City of Springfield Police** | ) |
| **Department,** | ) |
|  | ) |
| *DANIEL LEON-RESTO*, **Individually** | ) |
| **and in his Official Capacity as a Police** | ) |
| **Officer for the City of Springfield** | ) |
| **Police Department,** | ) |
|  | ) |
| *PAULA MEARA*, **in her Official** | ) |
| **Capacity as the Chief of Police for the** | ) |
| **City of Springfield Police Department,** | ) |
| *and* | ) |
|  | ) |
| *THE CITY OF SPRINGFIELD,* | ) |
| **a Municipal Corporation duly** | ) |
| **established under the laws of the** | ) |
| **Commonwealth of Massachusetts,** | ) |
| **Defendants** | ) |
|  | ) |

FILING FEE PAID:
RECEIPT # 305878
AMOUNT $ 250.00
BY DPTY CLK MGK
DATE 3/11/05

## *COMPLAINT AND DEMAND FOR A JURY TRIAL*

## *I.    JURISDICTION*

1.    This is an action under the Federal Civil Rights Act, 42 U.S.C. Sections 1983 and 1988.
      The Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343.  The plaintiff
      further invokes the pendent jurisdiction of this Court to consider the claims arising under
      state law sounding in tort, the Massachusetts Tort Claim Act, M.G.L. Chapter 258,
      Section 4, and the Declaration of Rights of the Massachusetts Constitution.

2.    There exists between the parties an actual controversy justiciable in nature.

## *II.    PARTIES*

3.    The plaintiff, MATTHEW J. NATLE, has at all times relevant to the allegations of this
      Complaint been a resident of the Town of Shutesbury, Franklin County, in the
      Commonwealth of Massachusetts.

4.    The defendant, DENNIS O'CONNOR, has at all times relevant to the allegations of this
      Complaint been a police officer, acting under color of law as an agent/employee for the
      City of Springfield Police Department, Hampden County, in the Commonwealth of
      Massachusetts.

5.    The defendant, STEVEN BARKER, has at all times relevant to the allegations of this
      Complaint been a police officer, acting under color of law as an agent/employee for the
      City of Springfield Police Department, Hampden County, in the Commonwealth of
      Massachusetts.

6.    The defendant, DANIEL LEON-RESTO, has at all times relevant to the allegations of this
      Complaint been a police officer, acting under color of law as an agent/employee for the

City of Springfield Police Department, Hampden County, in the Commonwealth of Massachusetts.

7.    The defendant, PAULA MEARA, has at all times relevant to the allegations of this Complaint been the Chief of Police, acting under color of law, as an agent/employee for the City of Springfield Police Department, Hampden County, in the Commonwealth of Massachusetts. In her capacity as Chief of Police, PAULA MEARA, is the principal law enforcement administrator for the City of Springfield, and, as such, is at all times relevant to the allegations of this Complaint, responsible for the practices, customs and policies of the City of Springfield Police Department and all of its individual members, including adequate training, supervising, investigating, and disciplining of police officers and other police supervisory officials.

8.    The defendant, CITY OF SPRINGFIELD, has at all times relevant to the allegations of this Complaint been a Municipal Corporation duly established under the laws of the Commonwealth of Massachusetts. The City of Springfield, through its officers, employees and/or agents, was at all times responsible for the practices, customs and policies of the City of Springfield Police Department and all of its individual members including adequate training, supervising, investigating and disciplining of the police officers.


## III.    STATEMENT OF FACTS

9.    Matthew Natle was a Criminal Justice student at American International College in Springfield, MA at the time of the incident.

3

10.     On April 12, 2002, plaintiff Matthew Natle was in Springfield, MA with a friend when he discovered that his friend's vehicle had been towed.

11.     Since both the plaintiff and his friend had locked their cell phones in the vehicle, the plaintiff jogged up to a nearby Springfield Police cruiser, waved to the officer, and beckoned him to stop.

12.     The police cruiser turned right onto Lyman Street, stopped, and the officer rolled down his window.

13.     The plaintiff walked over to the cruiser and stated, "Hello, officer, how are you doing."

14.     In response, defendant Officer Dennis O'Connor stated, "I'm good, what's the problem?"

15.     At this, the plaintiff explained to defendant Officer O'Connor that his friend's vehicle had been towed, and that their cell phones were in the vehicle.

16.     The plaintiff then asked defendant Officer O'Connor where the vehicle had been towed.

17.     In response, defendant Officer O'Connor replied in an agitated manner that, "CJ towing would be the place."

18.     The plaintiff then asked, "Do you by any chance have a phone in your car that we could use to call over there?"

19.     Defendant Officer O'Connor replied, "No, I don't have a phone. We don't deal with towing."

20.     At this point, the plaintiff was taken by surprise, and was bewildered that a police officer would not have a means of communication to help citizens with their problems, and as a result asked, "You don't have a cell phone?"

21.     At this, defendant Officer O'Connor stated, "Are you calling me a Fucking Liar?!"

4

22.   Defendant Officer O'Connor then called into his radio, and swung open his cruiser door, striking the plaintiff and causing him to stumble backwards.

23.   By this point, the plaintiff could see in defendant Officer O'Connor's eyes that something was clearly wrong.

24.   The plaintiff could barely utter the words, "What do you mean...," when defendant Officer O'Connor charged at the plaintiff with two hands, and forcefully pushed him in the face.

25.   The plaintiff was in shock, and pleaded, "What are you doing? I didn't even do anything..." The plaintiff's pleas went unanswered.

26.   Defendant Officer O'Connor then yelled at the plaintiff to, "Get on the ground!" The plaintiff was in utter disbelief; afraid of what might happen if he did not listen to defendant Officer O'Connor.

27.   The plaintiff repeated again, "I didn't even do anything," and repeatedly pleaded with the officer to "Relax."

28.   The plaintiff's heart sped up and he was paralyzed with fear, as he wondered, why he was being attacked, and what defendant Officer O'Connor was going to do to him.

29.   Defendant Officer O'Connor then charged at the plaintiff again, this time pushing him into the brick wall of the building that was behind him. The plaintiff felt helpless.

30.   At this point in time, another cruiser arrived at the scene so swiftly that it struck a lamp post which was close to the plaintiff.

31.   Defendant Officers Steven Barker and Daniel Leon-Resto immediately alighted from the cruiser.

32.    The two defendant officers immediately grabbed the plaintiff and shoved him onto the hood of the first cruiser.

33.    As the plaintiff was being shoved onto the cruiser, defendant Officer O'Connor struck him with a closed right fist on his face.

34.    The plaintiff was struck with such force that his eye was cut. [Within a short period, his eye partially closed up from the swelling].

35.    After the plaintiff was punched, he continued to plead with the three defendant officers to "Relax."

36.    The plaintiff was then pushed onto the ground, cuffed, and placed into the second cruiser.

37.    Once the plaintiff was inside the cruiser, one of the defendant officers opened the door to the cruiser, and asked the plaintiff, "So you want to hit my superior officer?"

38.    In response, the plaintiff stated, "I didn't hit anybody. I don't even know why I'm in here."

39.    The defendant officer paused for a second, punched the plaintiff in the temple, and then got out of the cruiser.

40.    In complete and utter fear, the plaintiff remained silent until he arrived at the Springfield Police Station.

41.    Upon his arrival at the station,[1] one of the defendant officers muttered to the plaintiff to keep his mouth shut and that everything would be fine.

---

[1] **While the plaintiff was being transported to the police station, a witness called 911 from a public pay phone to report the police abuse by the defendant police officers. The following day, the witness went to the Internal Affair Department at the Springfield Police Department in order to file a formal citizen complaint. The witness never received any response to the citizen complaint, nor was contacted in any way after the citizen complaint was filed.**

42.    The plaintiff was then booked. During the booking process, the plaintiff was asked if he wanted to go to the hospital, to which he responded, "Yes."

43.    The plaintiff, who was shackled and handcuffed, was then walked out to the garage in his socks.

44.    The plaintiff asked for his coat. In reply, one of the defendant officers stated that he was going to the hospital without shoes or a coat.

45.    The defendant officers then began to persuade the plaintiff *not* to go to the hospital, by stating that if he went to the hospital, he would have to remain in the jail cell until court the following morning. As a result, the plaintiff was persuaded not to go to the hospital.

46.    **While at the police station, the plaintiff filed a formal citizen complaint detailing the abusive conduct by the three defendant police officers. The plaintiff never received any response to the citizen complaint, nor was contacted in any way after the citizen complaint was filed.**

47.    At approximately 3:30 AM, the plaintiff's mother arrived at the Springfield Police Station to pay the bail.

48.    Notwithstanding, defendant Officer O'Connor told the plaintiff that he could not be bailed, because his report was not complete.

49.    As a result, the plaintiff's mother sat waiting in her vehicle from 4:00 AM until 12:00 PM the following day when he got out of court.

50.    The plaintiff was charged with Disorderly Conduct, Resisting Arrest, and Assault and Battery on a Police Officer.

51.    **At the bench trial held on January 5, 2004, the Judge specifically held that defendant Officer O'Connor *"had absolutely no reason to arrest Mr. Natle...he had no basis for any arrest."***

52.    **At the bench trial, the plaintiff was found Not Guilty of all charges.**

53.    As a result of the illegal arrest and imprisonment, assault and battery, use of excessive force, and subsequent on-going malicious prosecution, the plaintiff suffered severe and extreme emotional distress and mental anguish, public humiliation and embarrassment, physical injuries, pain and suffering, loss of enjoyment of life, and other related expenses and damages.

54.    In addition to the negligent acts and/or intentional torts described above, the deprivation of the plaintiff's rights were directly and proximately caused by the negligent failure of the Springfield Police Department to adequately screen, test, train, supervise, investigate and discipline its police officers to the extent that this custom and practice and acquiescence of supervisory officials resulted in an unconstitutional policy.

55.    Further, as a result of these unconstitutional and negligent acts, the plaintiff suffered damages.

56.    On information and belief, defendant Police Officers O'Connor, Barker and Leon-Resto attended the police academy and received initial training in the laws of arrest and detention, the laws of the use of force, the laws of criminal prosecution, and the constitutional rights of citizens [including the First Amendment]. They knew or should have known that they violated the First, Fourth and Fourteenth Amendments, and otherwise denied the constitutional and statutory rights of the plaintiff.

57.   On information and belief, on occasions prior to the incident alleged in the preceding paragraphs, defendants Chief of Police Paula Meara and the City of Springfield through its officers and/or agents knew or should have known that Springfield police officers illegally arrested and imprisoned, used excessive force, engaged in cover-ups, verbally abused and harassed, and otherwise denied the statutory rights of citizens.

58.   On information and belief, defendants Chief of Police Paula Meara and the City of Springfield through its officers and/or agents, failed to adequately train, investigate, supervise, and discipline the police personnel employed by the City of Springfield Police Department.

59.   On information and belief, defendants Chief of Police Paula Meara and the City of Springfield through its officers and/or agents, failed to adequately train the police officers employed by the Springfield Police Department subsequent to initial police academy training regarding the laws of arrest, the laws of the use of force, the laws pertaining to probable cause to arrest and prosecute, constitutional rights of citizens, and civil liability of police officers.

60.   The acts of defendant Police Officers O'Connor, Barker and Leon-Resto, defendant Chief of Police Paula Meara and the defendant City of Springfield are grossly negligent amounting to deliberate indifference to the rights of citizens who the police come into contact with, or negligent at the very least.

61.   On April 8, 2004, the plaintiff sent a Notice/Demand letter pursuant to M.G.L. Chapter 258 to the appropriate Town of Springfield officials. More than six months have passed since the receipt of this notice. The appropriate Town of Springfield officials have failed

9

to reply to said Notice/Demand.

## IV.  CAUSES OF ACTION

### COUNT I:  ILLEGAL ARREST AND UNLAWFUL IMPRISONMENT

62.  The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63.  As a direct and proximate result of the malicious, wanton and wilful acts of defendant Police Officers O'Connor, Barker and Leon-Resto, acting under color of law, plaintiff Matthew J. Natle, was intentionally and unlawfully arrested and confined without his consent and without probable cause, and thereby was deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and the Declaration of Rights of the Massachusetts Constitution. The plaintiff was also damaged in his reputation, embarrassed, prevented from engaging in his usual activities, and caused to endure pain, suffering and mental anguish.

64.  The plaintiff is thereby entitled to damages under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. Sections 1983 and 1988, the Declaration of Rights of the Massachusetts Constitution, M.G.L. Chapter 12, Section 11I, and under Massachusetts common law for false arrest and false imprisonment.

## COUNT II: EXCESSIVE FORCE, HARASSMENT AND INTIMIDATION

65.    The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

66.    As a direct and proximate result of the reckless, grossly negligent, malicious, wanton and/or willful acts of defendant Police Officers O'Connor, Barker and Leon-Resto, acting under color of law, the defendants by their use of excessive, illegal and unjustified force in making an arrest, deprived plaintiff Matthew J. Natle of his rights, privileges and immunities as guaranteed by the United States Constitution, as follows:

      a.    the plaintiff was deprived of his rights to be free of physical abuse, coercion and intimidation in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution;

      b.    the plaintiff was deprived of his rights to be free from summary punishment as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and

      c.    the plaintiff was deprived of his rights to due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

67.    The plaintiff is thereby entitled to damages under the United States Constitution, 42 U.S.C. Sections 1983 and 1988, the Declaration of Rights of the Massachusetts Constitution, and M.G.L. Chapter 12, Section 11I.

11

## COUNT III: MALICIOUS PROSECUTION

68.    The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

69.    By arresting the plaintiff and initiating criminal proceedings against him, in retaliation for his exercise of First Amendment Constitutional Rights, with malice and without probable cause to do so, and with the plaintiff receiving a favorable determination of the criminal complaints against him, defendant Police Officers O'Connor, Barker and Leon-Resto have engaged in malicious prosecution of the plaintiff in violation of the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Part I of the Massachusetts Constitution.

70.    The plaintiff is thereby entitled to damages and equitable relief under the Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. Sections 1983 and 1988, the Declaration of Rights of the Massachusetts Constitution, M.G.L. Chapter 12, Section 11I, and other state common laws against malicious prosecution.

## COUNT IV: ASSAULT AND BATTERY

71.    The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

72.    Defendant Police Officers O'Connor, Barker and Leon-Resto did unlawfully commit an assault and battery against the plaintiff Matthew J. Natle in violation of Massachusetts common law.

12

## COUNT V: CONSPIRACY TO VIOLATE CIVIL RIGHTS

73.  The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

74.  As a direct and proximate result of the malicious, wanton and willful acts of defendant Police Officers O'Connor, Barker and Leon-Resto, who separately, in concert and in agreement with each other, conspired to deprive the plaintiff of his federal and state civil rights, as follows:

    a.    by conspiring to violate the plaintiff's Fourth Amendment Rights, and rights secured to the plaintiff by Articles I and XIV of the Declaration of Rights of the Massachusetts Constitution;

    b.    by conspiring to engage in the cover up of the illegal arrest and imprisonment;

    c.    by conspiring to engage in the cover up of the use of excessive force;

    d.    by conspiring to engage in a cover up, and otherwise abusing process;

    e.    by conspiring to retaliate against the plaintiff for the exercise of his First Amendment Rights.

75.  The plaintiff is thereby entitled to damages and relief pursuant to 42 U.S.C. Sections 1983 and 1988.

## COUNT VI: ABUSE OF PROCESS

76.   The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 61
of this Complaint as though fully set forth herein.

77.   As a direct and proximate result of the deliberate and intentional acts of defendant Police
Officers O'Connor, Barker and Leon-Resto, acting under color of law, the plaintiff was
damaged by the defendants when they acted with malice and without legal justification, and
otherwise used the lawful authority vested in them as police officers to accomplish an
unlawful purpose to wit: the initiation of criminal proceedings against the plaintiff with the
intention of securing his conviction for any, or all of the following unlawful purposes: (1)
to cover up the illegal arrest, imprisonment and use of excessive force; (2) to protect
themselves from civil and criminal liability; and (3) to frustrate the plaintiff from pursuing
the legal remedies available to him as guaranteed by the United States and Massachusetts
Constitutions, and federal and state law; and (4) to retaliate against the plaintiff for
exercise of First Amendment Rights.

78.   The plaintiff is thereby entitled to damages under state common laws against abuse of
process.

14

## COUNT VII:  UNLAWFUL RETALIATION IN VIOLATION
## OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION,
## THE DECLARATION OF RIGHTS OF THE MASSACHUSETTS
## CONSTITUTION AND 42 U.S.C. SECTION 1983

79.     The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 61

        of this Complaint as though fully set forth herein.

80.     As a direct and proximate result of the malicious, intentional and/or reckless actions of

        defendant Police Officers O'Connor, Barker and Leon-Resto, the plaintiff was deprived

        of his rights, privileges and immunities guaranteed by the United States and Massachusetts

        Constitutions, in that the defendants engaged in retaliatory conduct, to wit: the illegal

        arrest and imprisonment, and use of excessive force, in order to chill the plaintiff from

        exercising his First Amendment Constitutional Rights.

81.     The plaintiff was deprived of his constitutional rights, including but not limited to, the

        right to be free from retaliation for exercising his First and Fourteenth Amendment rights

        pursuant to the United States Constitution, the Equal Protection Clause of the United States

        Constitution, and similar provisions of the Declaration of Rights of the Massachusetts

        Constitution.

82.     The plaintiff is thereby entitled to damages and relief pursuant to 42 U.S.C. Section 1983

        and 1988.

## COUNT VIII:  RECKLESS AND/OR INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

83.  The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

84.  As a direct and proximate result of the acts of defendant Police Officers O'Connor, Barker and Leon-Resto, the plaintiff did suffer severe emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure. The defendants knew or should have known that their acts would cause such emotional distress, pain and suffering, mental anguish, humiliation and embarrassment. Further, said emotional distress, pain and suffering, mental anguish, humiliation and embarrassment were recklessly and/or intentionally inflicted.

## COUNT IX:  UNCONSTITUTIONAL POLICY OR CUSTOM/GROSS NEGLIGENCE

85.  The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

86.  The defendants City of Springfield and Chief of Police Paula Meara, through their officers and/or agents, and pursuant to an unconstitutional custom or policy, have failed to adequately train, supervise, investigate, control and discipline Springfield Police Officers. This deliberate indifference has been grossly negligent amounting to deliberate indifference to the rights of citizens.

87.    With the knowledge of and under the direction of the defendants City of Springfield and Chief of Police Paula Meara, the Springfield Police Department and its individual members, acting under color of law, have engaged in a pattern of conduct which was the moving force that caused the violations of the plaintiff's constitutional and statutory rights. The defendants City of Springfield and Chief of Police Paula Meara, pursuant to an unconstitutional custom or policy, failed to adequately hire, train, supervise, control, investigate and discipline the defendant police officers who denied plaintiff Matthew J. Natle his rights as guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as, the Massachusetts Constitution.

88.    The defendants City of Springfield and Chief of Police Paula Meara have been grossly negligent and deliberately indifferent in the training of police officers. The municipal policy makers have failed to provide minimally acceptable standards of training or instruction to police officers in contemporary and up-to-date law enforcement standards, policies and procedures, in a number of key areas of law governing the laws of arrest, the laws governing probable cause to arrest and prosecute, the laws of search and seizure, the laws of the use of force, constitutional rights of citizens, and civil liability of police officers.

89.    The official policy, custom and/or usage of the defendants City of Springfield and Chief of Police Paula Meara, through their officers and/or agents, is unconstitutional insofar as it dictates, encourages and/or permits police officers of the Springfield Police Department to violate the rights of citizens.

90.    The official policy, custom and/or usage of the defendants City of Springfield and Chief

17

of Police Paula Meara, through their officers and/or agents, violates the Constitution of

the United States and the Commonwealth of Massachusetts and caused the violations of the

constitutional rights of the plaintiff as alleged in this Complaint.

91.    The plaintiff is thereby entitled to damages under the United States Constitution, 42 U.S.C.

Sections 1983 and 1988, M.G.L. Chapter 12, Section 11I, M.G.L. Chapter 258, Section

4, and other state laws including the Massachusetts Constitution.

## COUNT X: NEGLIGENCE/ MASSACHUSETTS TORT CLAIM

92.    The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 91

of this Complaint as though fully set forth herein.

93.    The acts of each defendants were negligent at the very least.

94.    Therefore the defendant City of Springfield is liable to the plaintiff for damages pursuant

to M.G.L. Chapter 258, Section 4.

**WHEREFORE,** plaintiff Matthew J. Natle requests that this Court enter judgment on his behalf and:

1.      Award appropriate compensatory damages to plaintiff Matthew J. Natle from the defendants jointly and severally in an amount to be determined by the Court;

2.      Award punitive damages to plaintiff Matthew J. Natle from defendants Dennis O'Connor, Steven Barker, and Daniel Leon-Resto in an amount to be determined by the court;

3.      Award the plaintiff interest, costs and attorneys' fees;

4.      Award such other relief as this Court deems just, equitable and appropriate.


### THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL


DATED:      March 11, 2005

Respectfully submitted,
The Plaintiff
By His Attorneys,

*Joan A. Antonino*

Joan A. Antonino
BBO#547319

*Charles J. DiMare*

Charles J. DiMare
BBO#124820
ANTONINO & DIMARE
Post Office Box 3333
Amherst, MA 01004-3333
(413) 549-5330

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

MATTHEW J. NATLE

## DEFENDANTS

DENNIS O'CONNOR

STEVEN BARKER

DANIEL LEON-RESTO

Chief of Police PAULA MEARA, and The City of Springfield

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Franklin
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Hampden
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Federal Bar No. 547319; 124820
Joan A. Antonino & Charles J. DiMare
ANTONINO & DIMARE
P.O. Box 3333, Amherst, MA 01004
(413) 549-5330

ATTORNEYS (IF KNOWN)

05-30066-KPN

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Title 42  USC  1983    Cause of Action
False Arrest & Imprisonment, Use of Excessive Force, Malicious Prosecution, Abuse of process, Assault & Battery, Emotional Distress, Municipal Liability.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organization |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  3/11/05

SIGNATURE OF ATTORNEY OF RECORD  Joan A. Antonino

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.    TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

   Matthew J. Natle v. Springfield Police Officer Dennis O'Connor

2.    CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE
   LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 8(a)).

   ___    I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_    II.    195, 368, 400, 440, 441-444, 540, 550,
                625, 710, 720, 730, 740, 790,791, 820, 830,
                840, 850, 890, 892-894, 895, 950.

   ___    III.    110, 120, 130, 140, 151, 190, 210, 230,
                 240, 245, 290, 310, 315, 320, 330, 340,
                 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   ___    IV.    220, 422, 423, 430, 460, 510, 530, 610,
                620, 630, 640, 650, 660, 690, 810, 861-865,
                870, 871, 875, 900.

   ___    V.    150, 152, 153.

3.    TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 8(e)).

   N/A

4.    HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN
   FILED IN THIS COURT?____No

5.    DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS
   AFFECTING THE PUBLIC INTEREST?____No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6.    IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES
   PURSUANT TO TITLE 28 USC 2284?____No

7.    DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF
   MASSACHUSETTS (WORCESTER COUNTY) - SEE LOCAL RULE 8(c).  YES_____
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - SEE
   LOCAL RULE 8(d).  YES X

8.    DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN
   SECTIONS OF THE DISTRICT?  YES___X
   (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?___Western

9.    IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?___Western

10.    IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY
   GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE
   IN THE CENTRAL SECTION___N/A___ OR WESTERN SECTION___N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_____Joan A. Antonino & Charles J. DiMare
ADDRESS_____P.O. Box 3333, Amherst, MA 01004-3333
TELEPHONE NO._____(413) 549-5330

(COVER.SHT-09/89)