# United States District Court
# District of Massachusetts

MATTHEW J. NATLE,

PLAINTIFF,

v.

DENNIS O'CONNOR, STEVEN BARKER,
and DANIEL LEON-RESTO, Individually
and in their Official Capacity as a Police
Officers for the City of Springfield Police
Department,  PAULA MEARA, in her
Official Capacity as Chief of the Springfield
Police Department, and THE CITY OF
SPRINGFIELD,

DEFENDANTS.

CIVIL ACTION NO.  05-30066-KPN



---

## ANSWER OF DEFENDANTS DENNIS O'CONNOR, STEVEN BARKER, and DANIEL LEON-RESTO, CITY OF SPRINGFIELD, and PAULA MEARA, CHIEF OF POLICE

---

Now come the Defendants, DENNIS O'CONNOR, STEVEN BARKER, and DANIEL LEON-RESTO, CITY OF SPRINGFIELD and PAULA MEARA, CHIEF OF POLICE, by their attorney, and answer each and every allegation contained in the Plaintiff's Complaint as follows:

### I.    JURISDICTION

1. The Defendants deny the allegations contained in paragraph 1 of the complaint.

2. The Defendants deny the allegations contained in paragraph 2 of the complaint.

### II.    PARTIES

3. The Defendants lack sufficient knowledge to either admit or deny the allegations contained in the allegations contained in paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The Defendants admit the allegations contained in paragraph 5 of the Complaint.

46852

1

6. The Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The Defendants admits so much of the allegations contained in paragraph 7 of the Complaint to the extent that Paula Meara is Chief of Police, acting under color of law, as an agent/employee for the City of Springfield Police Department, but lack sufficient knowledge to either admit or deny the balance of the allegations contained therein.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

### III.    STATEMENT OF FACTS

9. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 9 of the Complaint

10. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 12 of the Complaint.

13. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 13 of the Complaint.

14. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 14 of the Complaint.

15. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 15 of the Complaint.

16. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 16 of the Complaint.

17. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 17 of the Complaint.

18. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 18 of the Complaint.

19. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 19 of the Complaint.

20. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 20 of the Complaint.

21. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 21 of the Complaint.

22. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 22 of the Complaint.

23. The Defendants admit the plaintiff had encountered the Officer, but deny the characterizations of the allegations contained in paragraph 23 of the Complaint.

24. The Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. The Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The Defendants admit that the Officer ordered the plaintiff to take certain actions and that plaintiff was not compliant, but deny the balance of allegations contained in paragraph 26 of the Complaint.

27. The Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. The Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The Defendants deny the allegations contained in paragraph 30 of the Complaint.

46852

31. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 31 of the Complaint.

32. The Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. The Defendants admit that plaintiff was placed in a cruiser, but deny the balance of the allegations contained in paragraph 36 of the Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. The Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. The Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. The Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. The Defendants admit that plaintiff was asked he wanted medical attention, but dney the characterization and the balance of the allegations contained in paragraph 42 of the Complaint.

43. The Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. The Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. The Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. The Defendants admit that a citizen's complaint was received and deny the balance of the allegations contained in paragraph 46 of the Complaint.

47. The Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 47 of the Complaint.

46852

48. The Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. The Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 49 of the Complaint.

50. The Defendants admit the allegations contained in paragraph 50 of the Complaint.

51. The Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. The Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 52 of the Complaint.

53. The Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. The Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. The Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. The Defendants admit the officers received training, but deny the balance of the allegations contained in paragraph 56 of the Complaint.

57. The Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. The Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. The Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. The Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. The Defendants admit receipt of the letter, but deny the balance of the allegations contained in paragraph 61 of the Complaint.

### IV. CAUSES OF ACTION

### COUNT I: ILLEGAL ARREST AND UNLAWFUL IMPRISONMENT

62. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 61 of the complaint as if set forth herein.

63. The Defendants deny the allegations contained in paragraph 63 of the Complaint.

5

46852

64. The Defendants deny the allegations contained in paragraph 64 of the Complaint.

## COUNT II: EXCESSIVE FORCE, HARASSMENT AND INTIMIDATION

65. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 61 of the complaint as if set forth herein.

66. The Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. The Defendants deny the allegations contained in paragraph 67 of the Complaint.

## COUNT III: MALICIOUS PROSECUTION

68. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 61 of the complaint as if set forth herein.

69. The Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. The Defendants deny the allegations contained in paragraph 70 of the Complaint.

## COUNT IV: ASSAULT AND BATTERY

71. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 61 of the complaint as if set forth herein.

72. The Defendants deny the allegations contained in paragraph 72 of the Complaint.

## COUNT V: CONSPIRACY

73. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 61 of the complaint as if set forth herein.

74. The Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. The Defendants deny the allegations contained in paragraph 75 of the Complaint.

## COUNT V: ABUSE OF PROCESS

76. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 61 of the complaint as if set forth herein.

46852

77. The Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. The Defendants deny the allegations contained in paragraph 78 of the Complaint.

## COUNT VII: UNLAWFUL RETALIATION IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION, THE DECLARATION OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION AND 42 U.S.C. SECTION 1983

79. The Defendants repeat and reallege each and every response to the allegations contained

in paragraphs 1 through 61 of the complaint as if set forth herein.

80. The Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. The Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. The Defendants deny the allegations contained in paragraph 82 of the Complaint.

## COUNT VIII: RECKLESS AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83. The Defendants repeat and reallege each and every response to the allegations contained

in paragraphs 1 through 61 of the complaint as if set forth herein.

84. The Defendants deny the allegations contained in paragraph 84 of the Complaint.

## COUNT IX: UNCONSTITUTIONAL POLICY OF CUSTOM/GROSS NEGLIGENCE

85. The Defendants repeat and reallege each and every response to the allegations contained

in paragraphs 1 through 61 of the complaint as if set forth herein.

86. The Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. The Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. The Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. The Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. The Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. The Defendants deny the allegations contained in paragraph 91 of the Complaint.

46852

## COUNT X: NEGLIGENCE/MASSACHUSETTS TORT CLAIM

92. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 91 of the complaint as if set forth herein.

93. The Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. The Defendants deny the allegations contained in paragraph 94 of the Complaint.

WHEREFORE, DefendantS respectfully request denial of the relief sought by Plaintiff, dismissal of the Complaint, an award of fees and expenses in their favor, and such other and further relief as this Court deems proper.

## DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint.

### SECOND DEFENSE

The Plaintiff failed to comply with the statutory requirements of M.G.L. chapter 258.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief requested can be granted.

### FOURTH DEFENSE

The Defendants, reserve the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

### FIFTH DEFENSE

The alleged actions of the Defendants were neither the proximate nor the actual cause of any damages suffered by the Plaintiff.

8

46852

***SIXTH DEFENSE***

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983 against the Defendants as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for alleged violations of state law.

***SEVENTH DEFENSE***

The Complaint fails to state a claim upon which relief can be granted against the Defendants as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

***EIGHTH DEFENSE***

Claims against the Defendants are barred as the actions were reasonable and without malice.

***NINTH DEFENSE***

The Defendants answer that at all times they acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

***TENTH DEFENSE***

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

***ELEVENTH DEFENSE***

The Plaintiff is collaterally estopped from recovery.

***TWELFTH DEFENSE***

The Plaintiff is barred from recovery by *res judicata*.

46852

## THIRTEENTH DEFENSE

Based on information and belief, the Defendant officer's actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

## FOURTEENTH DEFENSE

The Defendants are immune from liability

## FIFTEENTH DEFENSE

The complaint fails to state a claim upon which relief can be granted against the Defendants as liability cannot be imposed under 42 U.S.C. §1983 solely on the grounds of respondeat superior.

## SIXTEENTH DEFENSE

On information and belief, the actions of the defendant officer were within the realm of reasonable responses to the circumstances with which were confronted.

## SEVENTEENTH DEFENSE

The plaintiff cannot recover against the municipality, as the alleged actions of the public employees are exempt from the provisions of the Tort Claims Act under Chapter 258, section 10.

## EIGHTEENTH DEFENSE

The plaintiff's injuries and/or damages were caused by his own negligent acts or failure to act and therefore this action is barred by the provisions of Mass. General Laws, ch. 231, §85.

## NINETEENTH DEFENSE

The Complaint should be dismissed due to insufficiency of process and/or insufficiency of service of process.

## TWENTIETH DEFENSE

The injury to plaintiff, if any, was caused by an act or omission of a third party other than an

10

46852

employee or agent of the defendants.

### *TWENTY-FIRST DEFENSE*

The claims are barred due to qualified, absolute, and or legislative or other immunity or privilege.

WHEREFORE, the Defendants request this Honorable Court to enter judgment in their favor and award their costs.

Respectfully submitted,

Defendants
By their Attorneys

Edward M. Pikula
Associate City Solicitor
BBO #399770

John T. Liebel
Assistant City Solicitor
BBO #

CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:      (413) 787-6085
Telefax:        (413) 787-6173

---

**CERTIFICATE OF SERVICE:**
The undersigned hereby certifies that a true copy of the within document was this day served upon plaintiff by mailing same, first class postage prepaid to:
Joan A. Antonino, BBO #547319
Charles J. Dimare, BBO #124820
Antonion & Dimare
P.O.Box 3333
Amherst, MA 01004
(413) 549-5330
SIGNED under the pains and penalties of perjury.
Dated: April 7, 2005

---

46852

11