# United States District Court
# District of Massachusetts

| | |
|---|---|
| MATTHEW J. NATLE,<br>        PLAINTIFF,<br>v.<br><br>DENNIS O'CONNOR, STEVEN BARKER, and DANIEL LEON-RESTO, Individually and in their Official Capacity as a Police Officers for the City of Springfield Police Department, PAULA MEARA, in her Official Capacity as Chief of the Springfield Police Department, and THE CITY OF SPRINGFIELD,<br>        DEFENDANTS. | CIVIL ACTION NO. 05-30066-MAP |

## MEMORANDUM IN SUPPORT OF
## MOTION TO BIFURCATE
## BY
## DEFENDANTS CITY OF SPRINGFIELD PAULA MEARA, DENNIS O'CONNOR, STEVEN BARKER, and DANIEL LEON-RESTO
## AND STAY MONELL DICOVERY

Defendants **CITY OF SPRINGFIELD, PAULA MEARA, DENNIS O'CONNOR, STEVEN BARKER, and DANIEL LEON-RESTO** pursuant to Fed. R. Civ. P. 42, have moved this Court to enter an Order bifurcating the *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) claim against the City of Springfield and retired Police Chief Paula Meara from the claims against the individual Defendant officers.

Further, the same Defendants have moved that discovery pertaining to the *Monell* claim against the City of Springfield, should be stayed until after the trial against the individual officers is concluded.

It is alleged that on April 12, 2002, plaintiff Matthew Natle was in Springfield, MA with

49315

a friend when he discovered that his friend's vehicle had been towed and flagged down Defendant Sergeant O'Connor to request to use his cell phone. When Defendant Officer O'Connor refused, the plaintiff alleges that an argument ensued and that he was assaulted by O'Connor, and then by the two other officers, Barker and Leon-Resto, who had arrived at the scene.

Plaintiff alleges he filed a formal citizen complaint the next day and erroneously states that he never received any response to the citizen complaint, and erroneously states that no effort was made to contact him after the citizen complaint was flied.[1] The plaintiff was charged with Disorderly Conduct, Resisting Arrest, and Assault and Battery on a Police Officer, and was found not guilty after a bench trial held on January 5. 2004.

Plaintiff alleges the above acts amounted to a deprivation of civil rights and that the deprivation was directly and proximately caused by the negligent failure of the Springfield Police Department to adequately screen, test, train, supervise, investigate and discipline its police officers to the extent that this custom and practice and acquiescence of supervisory officials resulted in an unconstitutional policy.

No specific allegations as to the City's unconstitutional acts is alleged other than:

> **55.**    On information and belief, defendant Police Officers O'Connor, Barker and Leon-Resto attended the police academy and received initial training in the laws of arrest and detention, the laws of the use of force, the laws of criminal prosecution, and the constitutional rights of citizens [including the First Amendment. They knew or should have known that they violated the First, Fourth and Fourteenth Amendments, and otherwise denied the constitutional and statutory rights of the plaintiff.
>
> **56.**    On information and belief, on occasions prior to the incident alleged in the preceding paragraphs, defendants Chief of Police Paula Mean and the City of Springfield through its officers and/or agents knew or should have

---

[1] In the discovery provided to date, plaintiff's attorney has been supplied with a full copy of the Internal Investigation Unit report with all witness statements and an account of efforts to contact the plaintiff.

49315

known that Springfield police officers illegally arrested and imprisoned, used excessive force, engaged in cover-ups, verbally abused and harassed, and otherwise denied the statutory rights of citizens.

**57.**  On information and belief, defendants Chief of Police Paula Meara and the City of Springfield through its officers and/or agents, failed to adequately train, investigate, supervise, and discipline the police personnel employed by the City of Springfield Police Department.

**58.**  On information and belief, defendants Chief of Police Paula Meara and the City of Springfield through its officers and/or agents, failed to adequately train the police officers employed by the Springfield Police Department subsequent to initial police academy training regarding the laws of arrest, the laws of the use of force, the laws pertaining to probable cause to arrest and prosecute, constitutional rights of citizens, and civil liability of police officers.

**59.**  The acts of defendant Police Officers O'Connor, Barker and Leon-Resto, defendant Chief of Police Paula Meara and the defendant City of Springfield are grossly negligent amounting to deliberate indifference to the rights of citizens who the police come into contact with, or negligent at the very least.

The City and Defendants have answered the complaint denying the allegations.

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the civil rights claims set forth in the Complaint against the City of Springfield, should be separately tried from the civil rights claims against the individual officers. Discovery pertaining to the claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) against the City on a theory of improper training or policies, should be stayed until after the trial against the individual officers is concluded. Bifurcation is appropriate in this case to prevent the introduction of prejudicial evidence which may taint the case of one of the parties and is in the interests of judicial economy.

## Argument

Fed. R. Civ. P, Rule 42 provides in relevant part:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid

49315

prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third- party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Here, both purposes of Rule 42 would be met, as separate trials would "avoid prejudice" and be "in furtherance of convenience" and will be "conducive to expedition and economy,"

1. *Avoid prejudice.*

The trial of the individual police officers will involve different issues of fact and law and will involve the testimony of different parties than the trial of the City of Springfield. The claim against the City raises issues which will tend to complicate and confuse the issues raised against the Defendant officers, thereby causing prejudice. *See Ismael v. Cohen*, 706 F.Supp 243, (S.D.N.Y.1989). *Ismael* dealt with civil rights claims against a New York City police officer and the City. Separate trials were ordered as it was felt that evidence admissible on issues relating to the officer's conduct would "contaminate" the mind of the juror when considering the liability of the other Defendant, the city. *Ismael*, at 251. A separate trial for the Defendant officers is necessary in the present case to avoid prejudice and to more likely result in a just final disposition of the litigation.

Separate trials were also ordered to avoid prejudice in *Ricciuti v. New York City Transit Authority*, 796 F.Supp. 84, 86, (S.D.N.Y.1992) where a §1983 action was brought against police officers and various municipal entities. Bifurcation was allowed as it was noted that the case against the individual officers could be unfairly influenced by evidence of deficient training procedures implemented by the municipal entities conversely, the municipality could be prejudiced by evidence of the officers' aggressions.

In the present case, evidence offered against the City, involving policy issues or training

49315

or facts relating to hiring and discipline of officers, could prejudice the jury in its determination of the individual officers' liability. There is a strong probability of prejudice to the individual officers as well as the municipality, which cannot be remedied through limiting instructions.

2. *__Separate trial and discovery for the officers on the civil rights claims would be in the interest of judicial economy.__*

Without initially focusing on *Monell* claim issues, discovery would be simplified and limited in scope, and possibly avoided altogether, with regard to the City.

With regard to the general claims, discovery under such vague, conlcusory allegations as made here entails broad discovery requests amounting to a fishing expedition through the training, discipline and employment files of the Police Department in an attempt to find widespread failures so pervasive that they allow an "inference of supervisory encouragement, condonation or even acquiescence." *See Voutour v. Vitale*, 761 F.2d 812, 820 (1st Cir.1985).

In fact, plaintiff has made such overbroad claims in requests for discovery here. Defendants have filed a motion for a protective order to limit discovery and provide a confidentiality order which is pending.

Since the discovery could be greatly simplified a separate trial against the individual officers could be scheduled sooner. The *Monell* claim, involvea voluminous discovery of records. In addition, expert testimony on the training and supervision of police officers could be avoided. By separating the *Monell* claim from the case, not only will discovery be simplified, but the actual trial is likely to take less time, as expert testimony on training methods and disciplinary matters would not be necessary, thereby conserving judicial resources by initially reducing the number of trial days.

The court in *Ismael*, at 251, 252, held that the claims against the city would present more

49315

complex standards of liability which would greatly expand the scope of the trial, as well as increase the expense to the parties. In the present case, proof of the *Monell* claim would involve evidence that is unnecessary in the case against the police officers. This can be remedied through bifurcation.

Moreover, there is a possibility of avoiding trial of the case against the City and supervisors on the *Monell* claims if Plaintiff's claims against the individual officers are dismissed or otherwise disposed of in favor of these Defendants. Refer to *City of Los Angeles v. Heller*, 475 U.S. 796 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986), *rehg denied*, 476 U.S. 1154 (1986), (jury finding that a police officer did not inflict any constitutional harm precludes excessive force damage award against a municipality). In *Los Angeles v. Heller,* the Supreme Court said that the district court correctly dismissed plaintiffs' claims against the city, because it could not be held liable for an injury that its police officers inflicted, despite proof of an unconstitutional city policy, after a jury had exonerated the individual police officers (in the first phase of a bifurcated trial). The Court wrote that neither

> *Monell* . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.
> *Id.*, 475 U.S. at 799, 106 S.Ct. at 1573; *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 921, 99 L.Ed.2d 107 (1988).

The district court in *Myatt v. City of Chicago, et al*, 816 F.Supp. 1259, (N.D.Ill.1992), citing *City of Los Angeles v. Heller*, ordered bifurcation of the individual liability claims against the individual officers and the *Monell* §1983 excessive force claim as different evidence was required to prove the individual Defendants' liability and the city's liability under *Monell*.

To make out a case for municipal liability under 42 U.S.C. § 1983, the Supreme Court

49315

has repeatedly held that liability can be found only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under §1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). The plaintiff here claims money damages pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and under the common law of the Commonwealth of Massachusetts against the Officers, City of Springfield Police Chief Paula Meara and against the City of Springfield.

With regard to the other general claims, discovery under such vague, conlcusory allegations usually entails broad discovery requests amounting to a fishing expedition through the training, discipline and employment files of the Police Department in an attempt to find widespread failures so pervasive that they allow an "inference of supervisory encouragement, condonation or even acquiescence." *See Voutour v. Vitale*, 761 F.2d 812, 820 (1st Cir.1985).

In other similar cases involving these issues, the broad discovery requests associated with these types of *Monell* claims has led to pretrial disputes, motions and appeals involving protective orders. *See Santiago v. Fenton*, 891 F.2d 373 (1st Cir. 1989). Even if plaintiffs were successful in claims against the individual officers, with regard to the second phase of the litigation in the case against the City, the circumstances would lend more easily to an alternative method of dispute resolution, and potentially settlement.

If a civil rights violation were found and damages were awarded, defendants contend the only issue left to be tried would be whether the City should be joint and severably liable for the damages. This is an issue which not only lends itself to alternative resolution (such as settlement) but which may be able to be decided under jury waived proceedings.

### Conclusion

49315

For the above stated reasons, the Defendants Motion to Bifurcate and Stay discovery on the *Monell* claims should be allowed.

Respectfully Submitted,
THE DEFENDANTS

By,_____
Edward M. Pikula, Esq.
Associate City Solicitor
BBO# 399770
City of Springfield Law Department
36 Court Street
Springfield, MA 01103
(413) 787-6085
Fax: (413) 787-6173

_____
Austin Joyce, Esq.
397 Grove Street
Worcester, MA 01605

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the within Document was this day served upon Plaintiff by mailing same, first class postage prepaid, to:

Joan A. Antonio
Antonio & Dimare
P.O. Box 333
Amherst, MA 01004-3333

49315